UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MATTHEW RAMON COCKBURN | CIVIL ACTION |
| VERSUS | NO. 23-1292 |
| WILLIE MARTIN | SECTION "D" (2) |

## **FINDINGS AND RECOMMENDATION**

Plaintiff Matthew Ramon Cockburn filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against defendant St. James Parish Sheriff Willie Martin challenging the quality of the air and living conditions in the St. James Parish Jail.[1] Cockburn did not pay the filing fee or file a motion to proceed *in forma pauperis* with the complaint.

On April 18, 2023, the clerk of this court sent Cockburn a notice of this deficiency, which required him to either pay the filing fee or file a properly completed and certified pauper application within twenty-one (21) days of the date of the notice.[2] The clerk mailed the deficiency notice to Cockburn at his address of record at the St. James Parish Jail. The envelope containing the notice has not been returned as undeliverable.

When Cockburn failed to respond to the deficiency notice, I issued an order on May 23, 2023, for Cockburn to show cause on or before June 13, 2023, why his § 1983 complaint should not be dismissed for his failure to prosecute.[3] The envelope containing the order has not been returned as undelivered. Cockburn did not respond to the order, pay the filing fee, or submit a pauper application.

---

[1] ECF No. 1 (Deficient Complaint), ¶III(B), at 4; *id.*, ¶IV, at 4.
[2] ECF No. 2.
[3] ECF No. 3.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court.[4]   In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order.[5]   Because plaintiff is proceeding *pro se*, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b).  A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law.[6]   A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.[7]

All litigants are obligated to keep the court advised of any address change.[8]   In addition, the complaint form used by Cockburn to institute this action contains the following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[9]  "[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute."[10]

To date, Cockburn has not provided a different address or otherwise contacted the court about his case.  His failure to comply with the court's rules and orders has created delay in the

---

[4] *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987).
[5] *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986).
[6] *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Edwards v. Harris County Sheriff's Office*, 864 F. Supp. 633, 637 (S.D. Tex. 1994).
[7] *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988); *Birl*, 660 F.2d at 593.
[8] *See* L.R. 11.1 and L.R. 41.3.1.
[9] ECF No. 1, ¶VI(2), at 4 (Plaintiff's Declaration).
[10] *Lewis v. Hardy*, 248 F. App'x 589, 2007 WL 2809969, at *4 n.1 (5th Cir. 2007).

court's ability to efficiently manage the case. This delay is caused by and attributable to Cockburn himself, justifying dismissal of his complaint for failure to prosecute.[11]

In a final effort to provide Cockburn with an opportunity to show cause why his claims should not be dismissed, I am issuing these Findings and Recommendation to the presiding United States District Judge. Cockburn is advised that he may object to these Findings and Recommendation within fourteen (14) days from the date of service of this report. It is suggested to Cockburn that any objection should contain a short summary of the reasons why he failed to comply with the court's previous orders. Cockburn is further advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit.

Cockburn also is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may, and probably will, result in dismissal of plaintiff's lawsuit. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[12]

---

[11] *See Torns v. State of Miss. Dept. of Corrs.*, 262 F. App'x 638, 639 (5th Cir. 2008); *Raborn v. Inpatient Mgt. Partners, Inc.*, 278 F. App'x 402, 404-05 (5th Cir. 2008).

[12] *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).

## RECOMMENDATION

It is **RECOMMENDED** that plaintiff Matthew Ramon Cockburn's 42 U.S.C. § 1983 complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b).

New Orleans, Louisiana, this 22nd day of June, 2023.

*[signature]*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE